THE STATE, JOHN ILIFF, PROSECUTOR, v. HENRY A. BANGHART ET AL.

By force of the fifteenth section of the Insolvent Debtors' act, the fact that the debtor has mortgaged his property with the intention of defrauding his creditors will operate as a bar to his discharge from imprisonment.

On *certiorari* to Warren Pleas.

Argued at February Term, 1897, before Justices GARRISON and GUMMERE.

For the prosecutor, *Joseph M. Roseberry.*

For the defendants, *George M. Shipman.*

The opinion of the court was delivered by

GUMMERE, J.   The prosecutor seeks by this proceeding to have set aside an order of the Court of Common Pleas of Warren county refusing him his discharge as an insolvent debtor.

It appeared, on the hearing of the prosecutor's application for his discharge, that his body had been taken on a *capias ad satisfaciendum* in satisfaction of a judgment recovered against him by the defendant Banghart, and that, shortly after the institution of the suit in which the judgment was recovered, the prosecutor executed a chattel mortgage to one of his brothers upon his personal estate.   From the evidence before the court it found as a fact that this chattel mortgage was not given *bona fide,* but was a contrivance on the part of the prosecutor and his brother to defraud his creditors, particularly Banghart, and for this reason refused him the benefit of the insolvent laws.

The prosecutor, at the time and place fixed for the hearing of his application, appeared before the court and rendered an

account of his estate and an inventory thereof, in compliance with the requirement of the eighth section of the Insolvent Debtors' act (*Gen. Stat.*, *p.* 1728), and he now insists that he was entitled to his discharge, unless the Court of Common Pleas found that his conduct *in making up his account and inventory and in delivering up his estate to his creditors* was not fair, upright and just, basing his contention upon the construction put upon the section referred to by this court in *Meliski* v. *Sloan*, 18 *Vroom* 82.

But this contention overlooks the fact that the fifteenth section of the Insolvent Debtors' act directs that if it shall be made to appear, to the satisfaction of the court before which the application for the benefit of the insolvent laws is made, that the debtor has mortgaged his estate, real or personal, with intent to defraud his creditor or creditors, the said debtor shall be refused his discharge. *Gen. Stat.*, *p.* 1731.

The decision of this court, in Meliski *v.* Sloan, was based entirely upon the construction to be given to the eighth section of the statute, the facts of that case not bringing it within the provision of the fifteenth section, and consequently not requiring a consideration of its effect. It is entirely clear, however, that in order to give due effect to each of these sections, a debtor must be refused his discharge if it shall appear to the court to which his application is made that he has mortgaged his property with intent to defraud his creditors, even if his conduct in other respects was fair, upright and just. *Reford* v. *Cramer*, 1 *Vroom* 250. It was upon this construction of the statute that the Court of Common Pleas, in the case before us, denied the prosecutor's application for his discharge.

The order brought up by the writ, being in strict compliance with the statutory requirements, should be affirmed, with costs.